## HENDERSON v. JONES et al. (No. 1167.)

(Court of Civil Appeals of Texas. El Paso. Feb. 10, 1921.)

1. **Specific performance** &#9702;&#8594;13—**Contract to convey, executed subsequent to absolute conveyance, not enforced.**

Where the execution of an absolute deed antedated a contract to convey, it was beyond the power of the court to decree specific performance of the contract; ownership of the land by the vendor at the time a suit is brought for specific performance being essential to its maintenance.

2. **Equity** &#9702;&#8594;54—**Court does not do vain thing.**

A court of equity never does a vain thing.

3. **Vendor and purchaser** &#9702;&#8594;351(1)—**Measure of damages for breach of contract.**

The difference between the market value of the premises and the contract price is not the measure of damages in a suit for breach of contract to convey, when it is shown that the vendor has no title.

4. **Vendor and purchaser** &#9702;&#8594;351(1)—**Amount of uncashed check not recovered by purchaser as damages.**

In an action for damages for breach of contract to convey land, plaintiff was not entitled to recover the amount of a check given the vendor, where it was not shown that the check was ever cashed or disposed of by the vendor; evidence being only that the check had not been returned to the plaintiff.

5. **Pleading** &#9702;&#8594;381(3)—**Evidence as to items of damages in supplemental petition held properly excluded.**

In an action for damages for breach of contract to convey land, plaintiff cannot complain that he was not permitted to offer evidence as to certain expenses incurred by him in moving his family and household goods, where such items of damages, pleaded by plaintiff in his supplemental petition, were not in response to pleading by defendant.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by E. E. Henderson against Morgan Jones and others. Judgment for defendants and plaintiff appeals. Affirmed.

Ben L. Cox, of Abilene, for appellant.
Jno. W. Woous and Kirby, King & Keeble, all of Abilene, for appellees.

WALTHALL, J. This suit was brought by appellant, E. E. Henderson, against appellees, Morgan Jones and Prince Baxter and wife, for specific performance of a contract partly in parol and partly in writing, entered into on the 18th day of June, 1919, with Morgan Jones for the sale of real estate described, and, in the event specific performance cannot be decreed, appellant sues for damages stated which he alleges to be the difference between the market value of the premises and the contract price with Jones. As to Baxter and wife, appellant alleges that they are asserting some character of claim to the land he purchased of Jones, and he sues to have whatever title or claim they have divested out of them, and vested in him and his title quieted. All appellees answered by general demurrer, special exceptions, and general denial. Baxter and wife further answered by way of cross-action, and aver that on March 21, 1919, they bought the property in controversy from Morgan Jones, and were in possession of the premises under a general warranty deed from Morgan Jones. They pleaded forcible entry by appellant and ejectment, and a continued occupancy of the premises by appellant to their damage. Appellant filed his first supplemental petition, in which he answered by general denial the matters contained in appellees' answer, reasserts the title of the property to be in Jones, and other matters not necessary to state. The case was tried with a jury. After evidence heard the court instructed a verdict for appellees.

Appellants' first assignment asserts that the court was in error in instructing the jury to find for appellees, and in not submitting the case, as requested. Appellants present a number of propositions under this assignment, which we need not state.

We need not state the evidence nor the facts the evidence establishes as to the contract between appellant and appellee Jones

---

for the sale of the premises by Jones to appellant.

[1, 2] The evidence shows beyond controversy that on March 21, 1919, Morgan Jones conveyed to Prince Baxter and wife, by general warranty deed, the premises in controversy for a consideration of $4,000, expressed in the deed, the consideration to be paid in installments expressed in seven vendor's lien notes, payable on dates from June 21, 1919, to March 21, 1923. The deed bore the internal revenue stamps marked of the date of the execution of the deed. The deed was duly acknowledged before a notary public on March 25, 1919. The deed was filed for record the 9th day of October, 1919, and recorded on the 11th day of October, 1919. The first note maturing under the terms of the deed was paid at maturity, and before the filing of this suit. The execution of the deed from Morgan Jones to Baxter and wife to the premises in controversy, antedating any character of contract appellant might have with Morgan Jones thereafter, put it beyond the power of the court to decree specific performance of the contract. Armstrong v. James, 220 S. W. 420, and cases cited. As said in that case, ownership of the land by the vendor at the time the suit was brought for specific performance of the contract is essential to the maintenance of such suit. A court of equity never does a vain thing. In this case, as in the case cited, there was no issue nor evidence of fraud to be presented the jury.

Appellant, having only a contract for title which Jones could not specifically perform, such contract did not have the effect to give him superior title over the Baxter deed. Had there been any evidence to support a finding that the Baxter deed was fraud or sham to enable Jones to avoid performance of his contract to convey, the question should have been submitted, but we find no evidence tending to establish fraud, or that the Baxter deed was not a bona fide sale of the property. The evidence indicates only that Jones thought that Baxter might not meet his notes, and that the lien expressed in the deed might be foreclosed. But there is no evidence of fraud, and especially to which Baxter was a party.

[3, 4] The damages sued for are stated to be the difference between the market value of the premises and the contract price. Such is not the measure of damages in a suit for breach of contract to convey when it is shown that the vendor has no title. Garcia v. Yzaguirre (Com. App.) 213 S. W. 236. There is neither pleading nor proof of any special damages that can be considered, resulting to appellant on account of the contract to convey. While appellant gave his check on the bank as a part of the purchase money for the premises, it was not shown the check was ever cashed, or disposed of by Jones or McDavid, Jones' agent, but the evidence is only to the effect that the check had not been returned to appellant.

[5] By the second assignment appellant complains that he was not permitted to offer evidence as to certain expenses incurred by him in moving his family and household goods from Coleman to Abilene. The items of damage excluded by the court were pleaded by appellant in a supplemental petition, and were not in response to any pleading by appellees. The court was not in error in excluding the evidence. Gossett v. Vaughan, 173 S. W. 933; May v. Anthony, 151 S. W. 602.

The third assignment claims error in rendering final judgment on the ground that the verdict does not finally dispose of all the material issues involved in the suit as made by the pleadings.

The verdict finds for Baxter and wife for title and possession of the premises in controversy, and for Morgan Jones.

The nunc pro tunc judgment rendered, we think, was a final judgment. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161, in which the several conflicting holdings of the Courts of Civil Appeals are collated. See, also, Parker v. Emerson, 176 S. W. 146.

Finding no reversible error, the case is affirmed.