MALOTT v. CITY OF BROWNSVILLE et al.*
(No. 818—4853.)

Commission of Appeals of Texas, Section B.
Oct. 19, 1927.

1. Injunction ⬄14—Injunction will not be granted, unless irreparable injury will otherwise result.

An injunction will never be granted, unless it appears that irreparable injury will otherwise result.

2. Equity ⬄54—Equity courts will never do useless thing.

Courts of equity will never do a useless thing.

3. Equity ⬄46—Equity may be resorted to only to prevent injury or wrong, for which law affords no adequate remedy.

Principles of equity may be resorted to only to supply remedy for prevention of injury or wrong, for which law affords no adequate remedy.

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Judgment modified on rehearing 299 S. W. ——.

**4. Injunction ⬥⟹85 (2)—Invalidity of ordinance is not sufficient ground for enjoining its enforcement.**

That ordinance is void is not sufficient ground for enjoining its enforcement, but other circumstances bringing case under some recognized head of equity jurisdiction must be shown.

**5. Appeal and error ⬥⟹1114—Judgment affirming refusal of injunction against doing things not contemplated by defendants or injurious to plaintiff's property held not to be disturbed.**

In absence of anything in statement of facts to support finding that defendants contemplated doing things charged in petition, or that structures contemplated would injure plaintiff's property, or any proposition or statement, in application for writ of error, record, or brief, that such evidence exists, judgment affirming refusal of injunction against erection of structures will not be disturbed.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by C. J. Malott against the City of Brownsville and others. A judgment refusing an injunction was affirmed by the Court of Civil Appeals (292 S. W. 606), and plaintiff brings error. Affirmed.

Templeton, Brooks, Napier & Brown and C. M. Robards, all of San Antonio, for plaintiff in error.

Graham & Graham, R. E. Green, and H. B. Galbraith, all of Brownsville, for defendants in error.

SPEER, J. The writ of error was granted in this case to review the judgment of the Court of Civil Appeals for the Fourth District, affirming the judgment of the district court refusing an injunction. The plaintiff in error, as plaintiff below, alleged that he was the owner of certain property in the city of Brownsville which abuts on Fourteenth street, and that the defendant Creager, pretending to act under authority of an ordinance of the city of Brownsville, was proceeding to erect a bridge across the Rio Grande river, and to make certain improvements connected therewith on said street in such manner as to obstruct and close the same to plaintiff's hurt and damage. The petition, at great length and upon different grounds, attacks the ordinance as being void, and therefore as furnishing no authority to Creager, and specifically alleges that, unless restrained, the defendants will proceed to use, close, and obstruct said street, and will take and damage not only plaintiff's right of way and easements in and to said streets, but said acts will destroy the value and use of his said abutting property on said streets, and will deprive him of the use and value of such property without due process of law, in violation of the Constitutions of the state of Texas and of the United States. The

trial judge heard the case on its merits, and denied the injunction. The Court of Civil Appeals affirmed the judgment of the trial court holding that the attacks upon the ordinance were without merit, and further that the appellant had shown no such injury or threatened injury, as would entitle him to the relief sought. 292 S. W. 606.

[1] It is unnecessary for us to pass upon the interesting question of the validity of the ordinance under which defendant in error Creager proposes to erect the structures complained of. If it be true, as found by the Court of Civil Appeals, that plaintiff in error has shown no probable injury from the threatened structures, then clearly he is in no event entitled to an injunction. The law is very clear on this point. An injunction will never be granted unless it appears that injury will otherwise result to the applicant. Chisholm v. Adams, 71 Tex. 678, 10 S. W. 336. So that, if it be conceded the ordinance is void, nevertheless plaintiff in error must go further, and show that he is threatened with an irreparable injury by its attempted enforcement before he can possibly be entitled to the relief sought. Pac. Express Co. v. Seibert, 142 U. S. 339, 12 S. Ct. 250, 35 L. Ed. 1035.

In Boise, etc., Co. v. Boise City, 213 U. S. 276, 29 S. Ct. 426, 53 L. Ed. 796, the object of the bill was to obtain an injunction against the enforcement of an ordinance of the city. The Supreme Court, in denying the relief sought, said:

"It is safe to say that no case can be found where this court has deliberately approved the issuance of an injunction against the enforcement of an ordinance resting on state authority, merely because it was illegal or unconstitutional, unless further circumstances were shown which brought the case within some clear ground of equity jurisdiction."

[2, 3] Authorities to this effect abound wherever the principles of equity are administered. Such courts will never do a useless thing, and the excuse for resorting to the principles of equity at all is to supply a remedy for the prevention of an injury or wrong for which the law affords no adequate remedy.

[4] To warrant a recovery in a case like this, it must appear that the complainant has suffered, or will suffer, some special damage. The fact that the ordinance is void, if it is void, is not sufficient ground for enjoining its enforcement. Other circumstances bringing the case under some recognized head of equity jurisdiction must be shown. 32 C. J. p. 265, § 415.

[5] As already shown, such a case was amply pleaded by plaintiff in error, but there is nothing in the statement of facts that would, in any way, support a finding that the defendants contemplated doing the things

charged in the petition, or that the structures, when built, would in anywise injure plaintiff in error's property. There is no proposition asserted in the application for writ that such evidence exists, and there is no statement from the record showing any such testimony. There is a like dearth of proposition and statement in his brief in the Court of Civil Appeals, and, moreover, we have examined the statement of facts, and find nothing that would authorize such contention. On the contrary, the defendant in error Creager and another testified, as set out by the Court of Civil Appeals, substantially to the effect found by that court that plaintiff in error,had shown no special damage that would justify the injunction, and this testimony is uncontradicted.

We therefore recommend that the judgment of ,the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.