### SNODGRASS v. AMERICAN SURETY CO. OF NEW YORK.

#### No. 9072.

Court of Civil Appeals of Texas. Austin.

Oct. 22, 1941.

Rehearing Denied Nov. 26, 1941.

Sam D. Snodgrass, of Temple, for appellant.

George E. Shelley, of Austin, for appellee.

BAUGH, Justice.

Appeal is from an order of the District Court overruling appellant's plea of privilege to be sued in Bell County. The case arose as follows:

Appellee sued A. D. Martin, a resident of Travis County; Vapo-Gas Corporation, domiciled in Bexar County; and Sam D. Snodgrass, a resident of Bell County, jointly for fraudulently conspiring together, and carrying out such conspiracy, to deprive appellee of its rights as subrogee under the statute, and under written contract, in and to a judgment in favor of Martin against the Vapo-Gas Corporation. From the judgment here appealed from it appears that both Snodgrass and the Vapo-Gas Corporation filed pleas of privilege, both of which were controverted, a hearing had thereon, and both were overruled. Only Snodgrass has appealed. No statement of facts accompanies the record.

In so far as Snodgrass is concerned his right to a change of venue under his plea is dependent upon the sufficiency of appellee's (plaintiff below) pleadings in the trial court. That is, whether a joint cause of action was alleged against the defendants below. Briefly the following facts were alleged:

Martin was an employee of J. R. Reed Music Company at Austin, Texas, which carried workmen's compensation insurance with appellee. He was injured in the course of his employment, awarded and paid compensation by appellee to the extent of $1,543. The injury was caused by the negligence of Vapo-Gas Corporation. By written contract between Martin and appellee insurer, and under the provisions of Sec. 6a of Art. 8307, R.C.S. 1925, it was agreed that Martin sue the Vapo-Gas Corporation for damages and that appellee should be subrogated to whatever his recovery might be to the extent of the $1,543 theretofore paid him by appellee. Snodgrass represented Martin in this suit and acquired an interest in his recovery. Martin obtained a judgment against Vapo-Gas Corporation for $8,000. It was there-upon agreed in writing between appellee, Martin, Vapo-Gas Corporation, and Snodgrass in March, 1938, that execution be withheld on said judgment on condition that Vapo-Gas Corporation pay such judgment in installments of $250 each, the first two to go to Martin; that of the August, 1938, payment $150 should go to appellee, and the other $100 equally to Martin and Snodgrass; and thereafter these monthly payments should be divided equally between the three. This agreement was carried out until November, 1938, up to which time appellee had been reimbursed in the sum of $550, when, according to said allegations, Snodgrass, Martin, and Vapo-Gas Corporation, in violation of said contract, and without the knowledge and consent of appellee, secretly conspired together and settled Martin's judgment against Vapo-Gas Corporation for $3,500, which the Vapo-Gas Corporation paid to Martin and Snodgrass, leaving $993 still due and unpaid to appellee under both its contract and its right of subrogation.

■ Under the judgment of the trial court it must be assumed that not only was a fraudulent conspiracy alleged, but that same was proven on the hearing in so far as Martin, a resident of Travis County, and Vapo-Gas Corporation were concerned. That being true, it is now settled by Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, and Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, that venue in Travis County as to Snodgrass depends, not upon the proof as to him, but upon the allegations contained in the plaintiff's petition.

In the main, appellant's contentions are that appellee's petition failed to state a joint cause of action against him for the reasons, first, that it failed to show that appellee was a subrogee under Art. 8307, Sec. 6a, because it was not a party to Martin's suit against Vapo-Gas Corporation, nor to that judgment. Second, under said allegations Vapo-Gas Corporation did no more than pay Martin and Snodgrass a debt justly due them. And, third, that even if appellee did have an interest in said judgment, the agreement alleged between the defendants was not an actionable conspiracy, was not binding on the appellee, did not affect its rights in the judgment, nor result in damage to appellee.

■ None of these contentions can be sustained. The statute itself, Sec. 6a of Art. 8307, R.C.S., expressly subrogates the

insurer to the rights of the injured employee against third persons, to the extent of the compensation paid by it, and authorizes the insurer to enforce such rights either in its own name or in the name of the employee. If the insurer had failed or refused to do either, as was true in Houston Gas & Fuel Company v. Perry, 127 Tex. 102, 91 S.W.2d 1052, a different case would be presented. But here, the insurer, though not itself an actual party to Martin's suit against the Vapo-Gas Corporation, entered into a written contract with Martin to effectuate the purposes of the statute by suit in his own name, expressly providing in the contract that "This agreement is not intended to abrogate Sec. 6a of Article 8307, but is only an exposition of that statute, and the parties' rights under said article will remain the same." Clearly, therefore, appellee became subrogee to the extent of the compensation paid by it, not only under the express terms of the statute but under the written agreement with Martin.

█ Nor can it be said under the facts alleged that Vapo-Gas Corporation merely paid its debt to the parties to whom it owed the judgment. Under the agreement made subsequent to rendition of such judgment in favor of Martin, all of said parties recognized appellee's interest in said judgment, the extent thereof, and agreed to the manner in which that interest should be paid. This was done by written contract. Consequently, any secret agreement, in violation of that contract, attempting to extinguish that judgment without further payments to appellee, was clearly in derogation of appellee's rights, both under the statute and under the contract itself.

██ Nor can appellant urge that appellee's rights in the judgment, if such it had, were not affected by the settlement alleged; but that it could still collect from Vapo-Gas Corporation whatever sums the latter owed it. If a settlement had been made with Martin and Snodgrass only of their interest in said judgment and Vapo-Gas Corporation had recognized and continued to pay the installments due to appellee, then this contention might be sustained. But under the allegations the conspiracy was participated in by all three, was designed to extinguish the judgment in its entirety, to avoid any further payments to appellee, and such further payments, in carrying out such conspiracy, were in fact refused. If, as alleged, Snod-

grass was a party to it he was consequently a party to inducing a debtor to breach a contract with a creditor to the latter's injury. It is now settled that a conspiracy to induce one party to a contract to breach same to the injury of another party thereto gives rise to a cause of action by the injured party against the wrongdoer. Raymond v. Yarrington, 96 Tex. 443, 72 S.W. 580, 73 S.W. 800, 62 L.R.A. 962, 97 Am.St. Rep. 914; 11 Am.Jur., § 50, p. 582. It follows, therefore, that a joint cause of action was alleged against appellant and Martin, who resides in Travis County, and that venue thereof as against all defendants would lie in Travis County.

We are not to be understood as finding any facts with regard to a conspiracy, vel non, between the defendants. The statements above made relate only to the allegations contained in the pleadings of appellee in the court below; which allegations, as above stated, are determinative of the venue issue.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.