**Chester R. MORRIS, Appellant,**

v.

**Hans BLANGGER, Appellee.**

**No. 11565.**

Court of Civil Appeals of Texas.

Austin.

Jan. 10, 1968.

Rehearing Denied Jan. 24, 1968.

Chester R. Morris, per se.

A. T. Mullins, Austin, for appellee.

HUGHES, Justice.

Chester R. Morris, appellant, sued Hans Blangger, appellee, for damages. The nature of appellant's complaint, as gleaned from his third and last amended original petition is as follows:

Appellee, a real estate agent, filed a forcible detainer suit in a justice court of Travis County against appellant without having given him three days written notice as required by law; that appellee willfully, maliciously, falsely and without probable cause swore in the complaint filed by him that he had given appellant written notice to vacate the premises. Appellant alleged that he was served with a citation by a constable in the forcible detainer suit. It was also alleged that appellee was not a licensed attorney and hence had no lawful authority to file the suit for his principal, Chester Brooks; that when appellant filed an answer in the justice court pleading that he was not given the statutory notice to vacate, appellee took a nonsuit.

Thereafter, the petition alleged, proper notice was given and the forcible detainer suit refiled by an attorney and not by appellee. The remainder of appellant's pleading relates to the question of damages.

Appellant's suit is difficult to categorize. It is not a suit for abuse of process because the only process issued was a citation and no allegations are made that there was any abuse in the execution or service of this process. See Process and Notices, 46 Tex.Jur.2d Sec. 102.

If appellant intended to frame an action for malicious prosecution he has failed because the rule is firmly established in this State that damages cannot be recovered for the prosecution of civil suits, with malice and without probable cause unless the party sued suffers some interference, by reason of the suit, with his person or property. Pye v. Cardwell, 110 Tex. 572, 222 S.W. 153; Malicious Prosecution, 37 Tex.Jur.2d Sec. 10.

Appellant's petition alleges no interference with his person or property. It was fatally defective.

The trial court rendered judgment dismissing appellant's suit "without prejudice" and in his judgment made these findings:

"The Court being of opinion that pleadings of plaintiff are insufficient, and the Court being of opinion that such pleadings of plaintiff are still insufficient after plaintiff has amended the same repeatedly, and the plaintiff having expressed opinion that his pleadings are sufficient and that plaintiff has done all any attorney could do or all any person could do to correct any alleged insufficiencies in pleadings absent more definite information in pleadings of defendant and plaintiff having requested the court determine the cause on pleadings as they are, the court feels this cause of action should be dismissed and since defendant is pleading special exceptions, dismissed without prejudice."

Under the circumstances referred to by the court and reflected by this record, it is our opinion that appellant's suit should be dismissed with prejudice. The exceptions made by appellee to appellant's pleading clearly pointed out the necessity

to allege that appellant or his property had suffered some interference as a result of the filing of the forcible detainer action in order to allege a cause of action. It is reasonable to assume that if appellant could have truthfully made such allegations he would have done so.

There is nothing in this record to indicate that appellant can, in good faith, plead a cause of action against appellee arising from the incident which gave rise to this suit. Under these circumstances, it is our duty to finally terminate this litigation.

We reform the judgment of the trial court so as to dismiss appellant's suit with prejudice and as reformed the judgment is affirmed.

Reformed and as reformed, affirmed.