Era BOMAN et al., Appellants,

v.

Allison J. GIBBS et al., Appellees.

No. 7918.

Court of Civil Appeals of Texas.

Amarillo.

March 31, 1969.

Rehearing Denied May 19, 1969.

Brown, Herman, Scott, Young & Dean and William M. Brown, and Ardell M. Young, Fort Worth, for appellants.

Brock, Wright, Waters & Galey and Ralph Brock, Nelson, McCleskey & Harriger, Geo. W. McCleskey and Johnny R. Phillips, Vickers, Garney & Walters, and Robert E. Garner, Lubbock, for appellees.

NORTHCUTT, Justice.

This is a summary judgment case. The suit involves the estate of C. N. and Linnie Jane Hodges situated solely in the Philippine Islands. Mr. and Mrs. Hodges were married on September 20, 1910 and continued as man and wife until terminated by the death of Mrs. Hodges on March 23, 1957. Mr. and Mrs. Hodges at the time Mrs. Hodges died resided in the Philippine Islands. During their marriage they accumulated a large community estate consist-

ing of real and personal property located in the State of Texas, State of Oklahoma and in the Republic of the Philippines.

Upon the death of Linnie Jane Hodges on March 23, 1957, her Last Will and Testament was admitted to probate in the Philippines and the present administrator of her estate in the Philippines is Avelina Magno. Probate proceedings have been instituted in the County Court of Lubbock County, Texas and also the Probate Court of Oklahoma. Mr. Hodges was appointed as Independent Executor of the estate of his wife in the Philippines and State of Texas. C. N. Hodges died December 25, 1962, and at the present time the Philippines Commercial & Industrial Bank is administrator of the C. N. Hodges estate in the Philippines.

Under the Will of Linnie J. Hodges, C. N. Hodges was given a life estate in the estate of Linnie J. Hodges and the appellants here were the remaindermen. The plaintiffs, hereinafter referred to as appellants, brought suit against Joe Hodges, J. A. Hodges and Laura Holland, Addie Elliott and Charlie Simkins, the major beneficiaries of the C. N. Hodges estate, and Allison J. Gibbs, a lawyer, and his law firm, Ozaeta, Gibbs & Ozaeta. Appellants alleged Joe Hodges employed the firm of Ozaeta, Gibbs & Ozaeta and that Joe and Gibbs conceived and proceeded to put into operation a plan and scheme to cheat and defraud the appellants of the Philippine properties and assets to which they were entitled under the Will of Linnie J. Hodges. The scheme as pleaded was that Gibbs would procure the appointment of Joe Hodges as the administrator or co-administrator of the estate of C. N. Hodges— then Joe Hodges was to employ Gibbs as attorney for the administrator or co-administrator of the estate of C. N. Hodges. Gibbs was to then cause to be filed in the Linnie J. Hodges probate proceeding in the Philippines a claim that C. N. Hodges during his lifetime became the owner, not of life estate, but the owner in fee of 100% of the testate estate of Linnie J. Hodges,

or, in the alternative, that C. N. Hodges estate was now entitled to 75% of the properties belonging jointly to the two estates. After the claim of C. N. Hodges estate had been filed and asserting ownership of 100% of the Linnie J. Hodges estate, the defendants were to then oppose any further expenditures from the Philippine funds in the administration, on the ground that any expenditure would be prejudicial to their claim of 100% ownership. In that manner would have the matter postponed and delayed and not permitting to come to trial or decision and in such manner would keep such claim pending in litigation in the courts of the Philippines for such a long period of time that the plaintiffs would become discouraged and unwilling to spend their personal funds in carrying on the uneven contest in the courts of such far away country and would be forced finally to abandon the fight and forfeit their Philippine inheritance to the defendants.

Appellants further pleaded that after the death of Linnie J. Hodges that they brought suit in the District Court of Hunt County, Texas, to construe the Will of Linnie J. Hodges and to adjudicate the rights of C. N. Hodges as a life tenant under her Will, and that judgment was entered in that case decreeing the renunciation of C. N. Hodges of his life estate, and vested the remaining interest in the estate of Linnie J. Hodges in these appellants as of the date of the death of Linnie J. Hodges, and was res judicata of the matters here involved.

Appellants requested the court to enter its order temporarily enjoining the appellees, Joe Hodges, J. A. Hodges, Laura Holland, Addie Elliott and Charlie Simkins, from continuing to assert or to have asserted for their benefit in the Philippine property proceedings involving the Linnie J. Hodges estate the claim that C. N. Hodges estate is entitled to recover 100% (or in the alternative 75%) of the assets jointly owned on December 25, 1962, by the estates of Linnie J. Hodges and C. N. Hodges, and that the temporary injunction

be made applicable alike to the defendants, their agents, attorneys, representatives and/or employees, and to all other persons in active concert or participation with them. Appellants then prayed for damage because of the malicious, fraudulent and conspiratorial acts of the defendants. Further praying that the order be made permanent and further that the court enter its mandatory order directing the defendants to execute and deliver to the plaintiffs herein for filing in the Court of First Instance, Iloilo City, Philippines in Special Proceedings No. 1307, styled "Trustee Estate of Linnie Jane Hodges, Deceased" and No. 1672, styled "Trustee Estate of Charles Newton Hodges, Deceased" their joint disclaimers and quitclaim in favor of plaintiffs with respect to and covering a full one-half, or 50% of the assets jointly owned by the testate estate of Linnie Jane Hodges and Charles Newton Hodges as of December 25, 1962.

All of the defendants, appellees here, filed motions for summary judgment. The plaintiffs, appellants here, filed motions to sever Count Two of their petition and for summary judgment enjoining the defendants from continuing to assert or to have asserted for their benefit in the Philippine Probate Proceedings involving the Linnie J. Hodges estate the claim that the C. N. Hodges estate is entitled to recover 100% (or in the alternative 75%) of the assets jointly owned on December 25, 1962, by the testate estate of Linnie J. Hodges and Charles Newton Hodges, and directing the defendants, appellees here, to execute and deliver to the plaintiffs their joint disclaimer and quitclaim in favor of the plaintiffs with respect to and covering one-half of the assets jointly owned by the testate estate of Linnie J. Hodges and Charles Newton Hodges as of December 25, 1962. The trial court sustained the motions of the defendants and denied the plaintiffs all relief prayed for and ordered that plaintiffs take nothing of the defendants. From that judgment plaintiffs perfected this appeal.

Appellants present this appeal upon five points of error. The first three points are presented together and are as follows:

## "POINT ONE"

"The District Court erred in granting the motions for summary judgment filed by the defendants respectively and in rendering summary judgment that plaintiffs take nothing from said defendants."

## "POINT TWO"

"The District Court erred in denying plaintiffs any right of recovery against the defendants under Count Two of plaintiffs' First Amended Original Petition."

## "POINT THREE"

"The District Court erred in holding in effect that it lacked power and jurisdiction to enjoin the defendants from prosecuting in the courts of the Republic of the Philippines a claim to ownership of property which was contrary to and in violation of a prior judgment of a Texas court which was res judicata against the defendants with respect to such ownership claim."

It seems to be the contention of appellants that the judgment entered in the Hunt County District Court determined the extent of the interest owned by Linnie J. Hodges in the Philippine property, and was res judicata of the matters now in controversy in the courts of the Philippines and binding on the administrators in a foreign country. We cannot agree with that contention. The effect of the Hunt County judgment was that C. N. Hodges disclaimed any interest in whatever estate Linnie J. Hodges owned in Texas at the time of her death, and such judgment was binding on the appellees so far as the Texas property is concerned but not on the Philippine property. The appellees have no interest in the estate belonging to Linnie J. Hodges at the time of her death that was not disposed of by the Will so far as

the Texas property is concerned. The issue involved in the courts in the Philippines is the percentage of ownership of the property. In other words, a contest between the two estates as to the interest in the estate of Linnie J. Hodges and the estate of C. N. Hodges as to the property in the Philippines is still alive in the Philippine Courts with Avelina Magno as administrator of the Linnie J. Hodges estate, and the Philippines Commercial & Industrial Bank as administrator of the C. N. Hodges estate. It is undisputed that the proceedings in the Philippines are brought by, and defended by the administrators for the Linnie J. Hodges estate and the C. N. Hodges estate.

The Philippine Court has determined, as to the Philippine property, that C. N. Hodges and Linnie J. Hodges were domiciled in the Philippines. The effect of the three points here raised is that the trial court erred in refusing to issue an injunction against the appellees prohibiting them from allowing the Philippine law suit (between the administrator of the C. N. Hodges estate and the administrator of the Linnie J. Hodges estate both in the Philippines) to be prosecuted to judgment, and in failing to require the appellees to deed to appellants, in advance, any interest that any of them might be found by the Philippine Courts, in the law suit there pending, to own certain Philippine property.

■ We think it has been definitely decided in this State that the law of actual domicile of the testator is to govern in relation to his testament or personal property, where the property is situated within the domicile of the testator, or in a foreign country; but in respect to real property of the testator, the place where the property is situated is to govern not only as to the capacity of the testator and the extent of his power to dispose of the property, but also as to the forms and solemnities necessary to give the Will its due attestations and effect. The Hunt County judgment did not, and could not, adjudicate the title,

and the rights thereto, to the property located in the Philippines. That court did have jurisdiction over the persons there involved but did not have jurisdiction over the subject matter—the Philippine property. Toledo Soc. for Crippled Children et al. v. Hickok et al., 152 Tex. 578, 261 S.W.2d 692, 43 A.L.R.2d 553; Simmons v. O'Connor et al., 149 S.W.2d 1107 (Tex. Civ.App. judg. corr.); King v. Lowry, 80 S.W.2d 790 (Tex.Civ.App. writ ref.); De Vaughn v. Hutchinson, 165 U.S. 566, 17 S.Ct. 461, 41 L.Ed. 827; Singleton v. St. Louis Union Trust Co. et al., 191 S.W.2d 143 (Tex.Civ.App. n.r.e.).

All of the property here involved is in the Philippines under the control of the Philippine courts with Philippines Commercial & Industrial Bank being administrator of the C. N. Hodges estate and Avelina Magno being administrator of the Linnie J. Hodges estate. The effect of appellants' contention is that they are entitled to damages because the administrator of C. N. Hodges estate has asserted some ownership rights to the property located in the Philippines through a law suit filed in the courts of the Philippines, and sought injunction to prohibit appellees and the attorneys, Ozaeta, Gibbs & Ozaeta, from allowing Philippines Commercial & Industrial Bank to prosecute such ownership right to the property.

■ The trial court herein did not have jurisdiction as to any of the property or as to either of the Philippine administrators, and had no authority to issue an injunction restraining the administrator of the C. N. Hodges estate from asserting ownership rights to the property, and if the trial court had issued injunction as prayed for by appellants, it would have had no effect on actions of the administrators in the Philippine Courts. That is a matter to be determined in the Philippine Courts where it is pending. Any order that might have been entered by the trial court would not have been binding on the administrators in the Philippines. Holt v. Guerguin, 106 Tex. 185, 163 S.W. 10, 50 L.R.A.,N.S.,

1136; Youree v. Pires, 5 S.W.2d 178 (Tex.Civ.App. writ ref.); 15 Tex.Jur.2d P. 490, Sec. 61.

■ A court of equity will not require the doing of a useless thing; nor will it lend its powers to accomplish a useless purpose, nor will it grant a decree which does not confer any real benefit or effect any real relief. Malott v. City of Brownsville et al., 298 S.W. 540 (Tex.Com.App.); Davis v. Carothers, 335 S.W.2d 631 (Tex. Civ.App. n.w.h.); Boise, etc., Co. v. Boise City, 213 U.S. 276, 29 S.Ct. 426, 53 L.Ed. 796; Gambrell v. Chalk Hill Theatre Co., 205 S.W.2d 126 (Tex.Civ.App. n.r.e.); 30 Corp.Jur.Sec., Sec. 16, P. 803; Henderson v. Jones, 227 S.W. 736 (Tex.Civ.App. n.w. h.). We overrule appellants' first three points of error.

Appellants' points of error four and five are as follows:

### "POINT FOUR"

"The District Court erred in denying plaintiffs any right of recovery against the defendants under Count One of plaintiffs' First Amended Original Petition."

### "POINT FIVE"

"The trial court erred in holding that the plaintiffs in alleging a conspiracy to defraud involving the deliberate abuse and perversion of the legal processes and procedures of the Philippine courts, failed to state a cause of action in tort for damages suffered as a result of the conspiracy and that by reason thereof defendants were entitled to summary judgment."

■ The contention of appellants as to their right to damages is that there was a conspiracy and fraudulent scheme among the heirs of C. N. Hodges to cheat and defraud appellants of the Philippine properties and assets to which they were entitled under the Will of Linnie J. Hodges. The scheme and plan as pleaded by appellants

to cheat and defraud was as herein previously set out. To accomplish the result of that scheme and plan to cheat and defraud appellants, it was appellants' real contention the filing of the claim by the administrator of the C. N. Hodges estate to recover more than 50% of the Philippine property caused the damages suffered by them. There is no proof that appellants have been unjustly damaged. The contest between the administrator of the C. N. Hodges estate and the administrator of the Linnie J. Hodges estate as to the Philippine property has never been determined by the Philippine courts. To constitute actionable civil conspiracy, there should be a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. State v. Standard Oil Co. et al., 130 Tex. 313, 107 S.W.2d 550; Texas State Board of Examiners in Optometry et al. v. Carp, 388 S.W.2d 409 (Tex.Sup.Ct.); International Bankers Life Insurance Co. v. Holloway, 368 S.W.2d 567 (Tex.Sup.Ct.).

■ It is not unlawful for appellees to make a claim to the property in the Philippines, and certainly it is not sought to be established by unlawful means when the claim was presented through the proper court for determination. Appellants have not suffered any interference, by reason of any action of the appellees, with their person or property. The property is still in the hands of the administrators and the extent of the interest owned by each estate has not been determined.

■ It seems to be well established as the rule in Texas that an award of damages for prosecution of civil suits with malice and without probable cause cannot be recovered unless the parties sued suffered some interference by reason of the suits with his person or property. Pye v. Cardwell, 110 Tex. 572, 222 S.W. 153; Daniels et al. Independent Executors v. Conrad et al., 331 S.W.2d 411 (Tex.Civ. App. n.r.e.); Morris v. Blangger, 423 S. W.2d 133 (Tex.Civ.App. n.r.e.); 37 Tex.

Jur.2d P. 529, Sec. 10. We overrule appellants' points of error four and five.

Judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

JOY, Justice (dissenting).

I respectfully dissent.

The appellees are claiming title through C. N. Hodges to the Philippine estate of Hodges' deceased wife, contrary to the judgment of the District Court of Hunt County, Texas, on July 10, 1963, vesting such estate in appellants. Appellants are entitled to injunctive relief to compel the appellees to respect and comply with that judgment. We have held that the Hunt County judgment was "binding on the appellees so far as the Texas property is concerned but not on the Philippines property." The agreed judgment that is, in effect a contract, bound appellees in reference to the properties of the Linnie Jane Hodges Estate without reference to the situs of properties in that estate. Appellants, as I now view the record, are not contending that the Hunt County judgment determined the *extent of interest* of the Linnie Jane Hodges Estate, as this court states in its opinion. Contrary to the Hunt County judgment, appellees are asserting a claim to the Linnie Jane Hodges Estate which is directly opposed to and in repudiation of the provisions of the Hunt County judgment.

The former suit, Cause No. 26,180, was filed in the 9th District Court of Hunt County, Texas, in 1957 after the death of Linnie Jane Hodges, the wife of C. N. Hodges. The appellants and their predecessors in interest comprising all of the remaindermen named in the will of Linnie Jane Hodges were plaintiffs. C. N. Hodges, in his personal capacity, was the sole defendant. He was served with process and entered his appearance. The purpose of the suit was to obtain a construction of the will of Linnie Jane Hodges and a declaratory judgment with respect to the rights of C. N. Hodges as life tenant and of appellants as remaindermen under the will. The case remained pending from 1957 through 1962 during which time apparently efforts were being made to settle the family dispute. On August 9, 1962, C. N. Hodges executed an affidavit renouncing his right as life tenant in his deceased wife's estate causing the renunciation to be filed in the probate proceedings in both the Philippine and Texas courts. Thereafter, an agreed judgment was prepared embodying the terms of the compromise and settlement agreement by which the Hunt County litigation was to be finally terminated. The proposed agreed judgment was signed and approved by C. N. Hodges and by the attorneys of record for all parties. On December 25, 1962, the settlement was complete, lacking only the formal entry of the agreed judgment, when C. N. Hodges died.

After his death the Probate Court of Lubbock County, Texas, appointed an administrator of his estate who was substituted as defendant in the Hunt County litigation and who filed an application in the Lubbock County Probate Court for authority to carry out and complete the settlement agreement which C. N. Hodges had made during his lifetime. The application to conclude the settlement having been granted by the court, the agreed judgment settling the litigation bearing the written approval of J. A. Hodges, administrator, as well as the approval of the attorneys representing both plaintiffs and defendant, was thereafter rendered and entered by the District Court of Hunt County, Texas, on July 10, 1963. In the judgment the court found and adjudicated that C. N. Hodges, during his lifetime, renounced his right as a devisee and legatee under his wife's will; that the renunciation was valid and that its effect was to accelerate and vest the remainder interests which had been devised to the appellants under Paragraphs Fourth and Fifth of Mrs. Hodges' will so that such bequests became effective as of the date of her death on May 23, 1957.

It was after this judgment had been entered that the appellee Joe Hodges, "in behalf of himself and other heirs of the C. N. Hodges Estate", with knowledge of the renunciation of C. N. Hodges, filed a claim in the Linnie Jane Hodges Estate proceedings in the Philippines that C. N. Hodges was the "sole heir" of his wife's estate and entitled to 100% thereof, or in the alternative was a "forced heir" and entitled to one half of the estate under the Philippine Law. These claims constituted a repudiation of the renunciation executed by C. N. Hodges on August 9, 1962, and filed in the Philippine court and the Texas court. These claims are in direct conflict with the settlement agreement approved by C. N. Hodges and incorporated in the agreed judgment of the District Court of Hunt County, Texas.

The renunciation signed by C. N. Hodges was not limited to or restricted by geographical boundaries nor confined to any type or amount of property. The renunciation having been filed by C. N. Hodges in both the Philippine and Texas courts lends further weight to the unambiguous language of the instrument that the intention of C. N. Hodges was to renounce his claim to *all* of the properties of the estate of his wife.

In my opinion the District Court of Hunt County, Texas, having acquired in personam jurisdiction over C. N. Hodges and appellants, also had jurisdiction to determine the respective interests and rights of those parties in the Estate of Linnie Jane Hodges irrespective of the location or nature of the properties held by the estate. McElreath v. McElreath, 162 Tex. 190, 345 S.W.2d 722 (Sup.Ct.); Hall v. Jones, 54 S.W.2d 835 (Tex.Civ.App. n.w.h.); Greer v. Greer, 189 S.W.2d 104 (Tex.Civ.App.), Id., 144 Tex. 528, 191 S.W.2d 848; Milner v. Schaefer, 211 S.W.2d 600 (Tex.Civ.App. refused); Allis v. Allis, 378 F.2d 721, Fifth Cir. 1967; Baughan v. Goodwin, 162 S.W.2d 732 (Tex.Civ.App., refused w.o.m.).

The case of Toledo Society for Crippled Children v. Hickok, 152 Tex. 578, 261 S.W.2d 692, 43 A.L.R.2d 553, relied upon by appellees is distinguishable upon the facts. There was no agreed judgment involved in that case as here and no settlement agreement as in Milner v. Schaefer, supra. In Texas an agreed judgment is a contract between the parties to the judgment. Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288; McClain v. Hickey, 418 S.W.2d 588 (Tex.Civ.App. refused n.r.e.); Everett v. Everett, 309 S.W.2d 893 (Tex.Civ.App. refused n.r.e.); Plumly v. Plumly, 210 S.W.2d 177 (Tex.Civ.App. dismissed); 25 Tex.Jur. 387, Sec. 25, 26. When an agreed judgment is pleaded a contract is likewise pleaded. Milner v. Schaefer, supra. As a contract therefore, the agreed judgment is binding upon the parties and their privies and may be specifically enforced by decrees in personam whether or not it involves property in a foreign jurisdiction. Massie v. Watts, 6 Cranch 148, 3 L.Ed. 181.

This was a family compromise and settlement of a law suit, and as such has been looked upon with favor by our courts. Camoron v. Thurmond, 56 Tex. 22 (Tex. Com.App.). See also Hall v. Jones, Greer v. Greer, Milner v. Schaefer, Allis v. Allis, Baughan v. Goodwin, all supra. In my view a court having jurisdiction in personam over C. N. Hodges could compel him to comply with his agreement without regard to the ultimate effect upon properties situated in the Philippines or elsewhere. The fact that the claim asserted against the Linnie Jane Hodges Estate in the Philippines is a derivative action or claim made after the death of C. N. Hodges by his heirs and devisees cannot alter the legal rights involved. The appellees can no more repudiate the settlement agreement made by their ancestor than the ancestor himself. They stand in the identical legal shoes.

Nor do I agree with our disposition of the tort claim alleged in Count One of appellants' position. The trial court in granting summary judgment for defendants in effect sustained a general demurrer.

Simpson v. City of Abilene, 388 S.W.2d 760 (Tex.Civ.App. refused n.r.e.). Taking the allegations of the petitions as true as we must in testing the sufficiency of the pleading to state a cause of action, the sole question is whether appellees have the right, as a matter of law, to file an adverse claim of ownership in the Philippine probate proceedings for the avowed purpose of "sweating the Higdons out" until they were ready to "give up or sell out". In my opinion appellees do not have such a right. The filing of such a claim in the court of a foreign country as part of the conspiracy alleged by appellants, is wrongful and the pleading states a cause of action on which appellants were entitled to go to trial in the district court. This being a summary judgment we are bound by the rules enunciated in Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.Sup.Ct. 1965) and Rule 166–A, Texas Civil Rules of Civil Procedure.

The claim filed in the foreign country is wrongful because the agreed judgment constituted a contract and is enforceable as such in addition to the fact that as a judgment it is res judicata and binding by estoppel as well. Milner v. Schaefer, supra. The malicious filing of a claim in a foreign country which interferes with property rights created by contract and by an agreed judgment constitutes a tort. Whether or not it constitutes a malicious abuse of process is unimportant. The wrongful act of the appellees in wrongfully interfering with the contractual and property rights of appellants by filing the adverse ownership claims in the foreign jurisdiction as part of a deliberate scheme of attempted fraud is a "cognizable tort for which the law will provide a remedy." 55 T.J.2d, Torts, Sec. 7, P. 631; Southern Traffic Bureau v. Thompson, 232 S.W.2d 742 (Tex.Civ.App. refused n.r.e.); Snodgrass v. American Surety Co. of New York, 156 S.W.2d 1004 (Tex.Civ.App. n.w.h.); also see Phillips v. Murchison, 383 F.2d 370, Second Cir. 1967,

Cert.Den., 390 U.S. 958, 88 S.Ct. 1050, 19 L.Ed.2d 1154.

I would grant the motion for rehearing and reverse and remand in accordance herewith.