**MALLOTT v. CITY OF BROWNSVILLE et al.**
**(Motion No. 7793; No. 818—4853.)**

Commission of Appeals of Texas, Section B. Dec. 7, 1927.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

On motion for rehearing. Judgment modified.

For former opinion, see 298 S. W. 540.

SPEER, J. Upon the original hearing (298 S. W. 540), we reported this case for affirmance of the judgment of the Court of Civil Appeals (292 S. W. 606). The suit was one for injunction by plaintiff in error, involving the validity of an ordinance of the defendant in error, city of Brownsville. The trial court and the Court of Civil Appeals both held the ordinance to be valid, and the Court of Civil Appeals further denied the injunction for the want of threatened injury to plaintiff in error. We affirmed the judgment, but expressly declined to put the affirmance upon the ground of the validity of the ordinance, but rather put it upon the ground that plaintiff had shown no equity. We treated the holding of both courts that the ordinance was valid merely as one of the reasons for refusing the relief sought.

But the motion for rehearing calls our attention to the fact that the trial court actually rendered a judgment sustaining the validity of the ordinance, and he complains that such judgment should not be permitted to stand in view of our holding that his right to the writ of injunction was defeated for want of equity rather than for want of vice in the ordinance. We think this contention should be sustained. We have re-examined plaintiff in error's pleadings upon which the case was tried, and, while he does attack the ordinance as being invalid for numerous reasons, and while he does ask for a cancellation of the ordinance, nevertheless we construe such allegations to be no more than a basis for the equitable relief sought by him through an injunction. Indeed, the validity or invalidity of the ordinance without an injury to plaintiff in error is a mere abstraction and could not possibly be the basis for any recovery by him one way or the other. The attempt by the trial court, therefore, to enter a judgment determining the validity of the ordinance, amounts to nothing, and, this question having been presented in the application for a writ of error, such judgment should have been reversed. But, as above stated, we assumed that the holding was merely the reason, or one of the reasons, for the decision announced.

We accordingly recommend that the former judgment of affirmance be modified so that the judgments of the Court of Civil Appeals and the trial court, in so far as they adjudged the ordinance in question to be valid, be reversed, and the judgments refusing the writ of injunction sought by plaintiff in error be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reformed and affirmed, as recommended by the Commission of Appeals.