## CARL v. SHORE et al. (Motions Nos. 7901, 7884; No. 902–4656.)

Commission of Appeals of Texas, Section A.
April 11, 1928.

On motion of C. H. Carl, plaintiff in error, to correct judgment (No. 7901), and also on motion for rehearing by the defendants in error (No. 7884).

For original opinion, see 299 S. W. 860. See, also, 284 S. W. 289.

CRITZ, J. In our original opinion we stated that C. H. Carl and the 61 defendants in error organized and formed the stock association and partnership under the name of Hereford Sanitarium, each having an equal interest therein. Under the record we should have stated that plaintiff in error and 70 defendants in error organized the association and partnership. Further, the record shows that the ownership of the association was divided into 63 parts, and that plaintiff was the owner of one sixty-third of the entire capital, and the other sixty-two sixty-thirds were owned as follows: Renfro & Sons, a partnership composed of E. Renfro, John Renfro and Cris Renfro, owned one sixty-third; Smith & Guinn, a partnership composed of C. R. Smith and George Guinn, owned one sixty-third; G. & R. Grocery, a partnership composed of Frank Gyles and James Rutherford, owned one sixty-third; Witherspoon & Kenney, a partnership composed of Verne Witherspoon and E. W. Kenney, owned one sixty-third; Foster Bros., a partnership composed of Leonard Foster and Arch Foster, owned a one sixty-third; Jones & McLean, a firm composed of J. B. Jones and Bobo McLean owned one sixty-third, and Brand Publishing Company, a partnership composed of Seth Holman and W. R. Steckman, owned one sixty-third, and the balance of the stock was owned a one

sixty-third interest each by the other named defendants in error.

We therefore recommend that the original judgment heretofore rendered by this court be set aside and a new judgment entered so as to conform to the above findings, and that said judgment further provide for execution as to the proportionately increased liability of all solvent partners on return of unsatisfied execution against insolvent defendants. In all other respects our recommendation is as in the original opinion.

We have read and carefully considered the motion for rehearing filed herein by the defendants in error, and we still adhere to the views as expressed in our original opinion as corrected above. We therefore recommend that said motion be in all things overruled.

---

## MALOTT v. CITY OF BROWNSVILLE. (Motion No. 8050; No. 818–4853.)

Commission of Appeals of Texas, Section B.
April 11, 1928.

On plaintiff in error's motion to reform judgment.

For former opinions, see 298 S. W. 540; 300 S. W. 29.

SPEER, J. On motion for rehearing, we recommended that the former judgment of affirmance be modified so that the judgments of the Court of Civil Appeals (292 S. W. 606) and the trial court in so far as they adjudged the ordinance in question to be valid be reversed and the judgments refusing the writ of injunction sought by plaintiff in error be affirmed ([Tex. Com. App.] 300 S. W. 29). In entering the judgment, however, it was ordered that such judgments "in so far as they adjudged the ordinance in question to be valid, be reversed and here now rendered declaring the said ordinance invalid." This latter order was not contemplated by the recommendation and indeed is violative of the considerations for which we reversed at that point.

We recommend therefore that the order herein of December 7, 1927, be corrected so as to eliminate therefrom, in connection with the order reversing the judgments adjudging the validity of the ordinance, the words "and here now rendered declaring the said ordinance invalid," to the end that the validity or invalidity of said ordinance be not adjudged and that the final decision of this case be without prejudice to either party upon that issue, should the matter at any time arise.