**GAMBRELL et al. v. CHALK HILL THEATRE CO., LIMITED, et al.**

No. 9647.

Court of Civil Appeals of Texas. Austin.

Oct. 8, 1947.

Rehearing Denied Oct. 29, 1947.

Looney and Clark, Everett L. Looney and Charles F. Herring, all of Austin, for appellants.

Goldsmith & Bagby, by Arthur P. Bagby and Chester M. Fulton, all of Austin, for appellee Chalk Hill Theatre Co..

Hart & Brown and Jay H. Brown, all of Austin, for appellee Walter Staehely.

128

Trueman E. O'Quinn, City Atty., and Robert L. Burns, both of Austin, for appellee City of Austin.

HUGHES, Justice.

F. S. Gambrell and Jack Gambrell, appellants, sued Chalk Hill Theatre Company, Ltd., hereinafter called "Company", Walter Staehely and the City of Austin, hereinafter called "City", appellees, for an injunction enjoining Staehely from giving effect to and from enforcing the terms of an instrument which he executed February 28, 1946, and filed in the office of the County Clerk of Travis County, March 21, 1946, revoking a subdivision, known as Northfield Annex No. 2, previously made by him and recorded on August 6, 1940; and for an injunction enjoining the City from giving effect to and from enforcing the terms of an ordinance adopted by it February 28, 1946, vacating the subdivision known as "Northfield Annex No. 2"; and enjoining the Company from physically closing any of the streets or alleys within such subdivision, or from interfering with appellants' use thereof.

The recovery of damages was not sought.

Separate so-called pleas in abatement were filed by appellees, all of similar import, alleging, under oath, that appellants were not the owners or lessees of any real property actually abutting on any part of any street vacated, abandoned or closed by Staehely or the City, and that an action for injunction would not lie, appellants being relegated to an action at law for damages.

Upon hearing the court sustained these pleas and, appellants declining to amend, dismissed the suit; hence this appeal.

The facts are undisputed except as to an allegation on the part of appellants that the ordinance adopted by the City was enacted for the sole and only purpose of accommodating the Company which desired to construct a drive-in theatre which would encroach upon the streets and alleys which were closed and abandoned by such ordinance, and that such ordinance did not, as recited in it, serve to promote the health, safety and general welfare of the public, and that all appellees had actual knowledge of these facts.

On August 6, 1940, appellee Staehely, the owner of certain property in the northern portion of Austin, Texas, filed for record in the office of the County Clerk of Travis County, Texas, a plat styled "Northfield Annex Number Two." This dedication and plat was approved and accepted by the City Planning Board and the City Engineer on August 2, 1940, as required by Art. 974a, Vernon's Ann.Civ.St. There appeared on this plat of Northfield Annex No. 2 a dedication by Staehely which reads, in part, as follows: "I do hereby dedicate and set apart for public use as streets, the streets shown thereon, as far as my interest may appear."

Thereafter, on January 22, 1946, appellant F. S. Gambrell purchased Lot No. 15 in Block 1 of Northfield Annex No. 2, and secured from Staehely a general warranty deed to this property. The purchase of this lot was made with specific reference to the plat and dedication filed in the office of the County Clerk of Travis County, Texas.

On February 15, 1946, appellant F. S. Gambrell contracted with appellee Staehely for the purchase of Lot 14, Block 1, Northfield Annex No. 2.

Thereafter, on February 28, 1946, appellee Staehely executed and filed for record in the office of the County Clerk of Travis County, Texas, an instrument whereby he sought to vacate and annul the streets, alleys, avenues, utility easements, and other public places within the Northfield Annex No. 2 Addition. On the same day the City Council of the City of Austin passed an ordinance whereby it purported to vacate and close all streets, avenues, alleys, utility easements and other public places within the Northfield Annex No. 2 Addition.

On March 6, 1946, appellee Staehely, representing himself as sole owner of the subdivision, filed a plat of record in the office of the County Clerk of Travis County, Texas, styled "Northfield Annex Number Two." This new plat showed a change course for Guadalupe Street with reference to its prior location on the first plat of rec-

ord, and showed a complete abandonment and closing of portions of 55th, 55½ and 56th Streets in the Northfield Annex No. 2 Subdivision.

Appellants' Lots 14 and 15 front on Nelray Blvd. The east-west streets in this subdivision begin with Nelray Blvd. as the most southerly, 55th next, then 55½ and 56th as the most northerly east-west street. Appellants' lots abut only on Nelray Blvd., which is not in any way altered by the resubdivision. 55th Street is shortened by 133.31 feet, 55½ Street by 230.18 feet, 56th Street by 230.04 feet. This is due to the easterly swing of Guadalupe Street as shown on the March 1946 plat of the resubdivision. On the original 1940 plat Guadalupe Street was straight, without curving to the east and the streets mentioned were hence of greater length.

There is no doubt but that a valid dedication of the streets shown on the 1940 plat of Northfield Annex No. 2 was made by appellee Staehely. Nor is there any doubt but that appellants, by purchasing a lot or lots within the subdivision, and with reference to its map or plat, have acquired vested rights in the streets and alleys shown thereon. City of Corsicana v. Anderson, 33 Tex.Civ.App. 596, 78 S.W. 261 writ refused.

We also have no doubt but that the 1940 dedication by appellee Staehely became irrevocable, in so far as he is concerned, after the conveyance of Lot 15, as above shown. McLennan County v. Taylor, Tex.Civ.App., 96 S.W.2d 997, writ dismissed.

It follows that the attempted revocation of the 1940 dedication by appellee Staehely was without legal effect.

The ordinance adopted by the City February 28, 1946, vacating the subdivision known as Northfield Annex No. 2, accomplished the same purpose as the attempted revocation by Staehely. The ordinance recites, in the emergency clause, that the owners of Northfield Annex No. 2 desired to resubdivide the land in this addition in order to promote the health, safety and general welfare of the community.

Appellants deny the truth of the recitation in the emergency clause and say that the closing of such streets and alleys was part of a scheme by Staehely and the Company to make use of said subdivision as one tract, without streets and alleys, for their private gain and the private purpose of constructing an outdoor theatre thereon.

The issue, thus raised, has not been disposed of, and, if material, will, of necessity, require remand of this cause.

The City of Austin, as a Home Rule City, has plenary powers over its streets. Secs. 16, 17, 18, Art. 1175, Vernon's Ann.Civ.St.; Art. XIII, Sec. 1(i), City Charter of Austin; City of Dallas v. Ingram, Tex.Civ.App., 284 S.W. 345, writ refused; Duvall v. City of Dallas, Tex. Civ.App., 27 S.W.2d 1105, writ refused.

Having this power, it is, nevertheless, well settled that a city may not, validly, abandon or close a street or alley in order to confer a private benefit or convenience. 39 Tex.Jur., pp. 534 and 535.

So, for the purpose of this opinion, we assume the truth of appellants' allegations that the ordinance was passed for a private and not a public purpose, and that the ordinance is void.

Bearing in mind that damages are not sought, we must determine appellants' right to injunctive relief.

In Malott v. City of Brownsville, Tex. Com.App., 298 S.W. 540, Id., Tex.Civ.App., 292 S.W. 606, Id., Tex.Com.App., 300 S.W. 29, and Id., Tex.Com.App., 4 S.W.2d 965, appellant, as an abutting property owner and taxpayer, sued appellees to restrain the enforcement of an ordinance and to annul the same, which undertook to grant R. B. Creager, appellee, a franchise for the period of 50 years to occupy certain portions of Fourteenth Street and of Levee Street, in the City of Brownsville, and to construct, maintain, and operate on said parts of said streets piers, abutments, and other works necessary for the construction of the bridge and the landings and approaches thereto, and to construct and maintain thereon telegraph and telephone lines and toll houses and other structures necessary in the operation of said bridge,

and restrain the defendants from closing or obstructing said portions of said streets.

The ordinance was alleged to be void for many reasons, including: "* * * that it was further void because it was an attempt to take appellant's property for private use and purposes, without condemnation or paying adequate compensation therefor."

The Commission of Appeals held [298 S. W. 541]:

"It is unnecessary for us to pass upon the interesting question of the validity of the ordinance under which defendant in error Creager proposes to erect the structures complained of. If it be true, as found by the Court of Civil Appeals, that plaintiff in error has shown no probable injury from the threatened structures, then clearly he is in no event entitled to an injunction. The law is very clear on this point. An injunction will never be granted unless it appears that injury will otherwise result to the applicant. Chisholm v. Adams, 71 Tex. 678, 10 S.W. 336. So that, if it be conceded the ordinance is void, nevertheless plaintiff in error must go further, and show that he is threatened with an irreparable injury by its attempted enforcement before he can possibly be entitled to the relief sought. Pacific Express Co. v. Seibert, 142 U.S. 339, 12 S.Ct. 250, 35 L.Ed. 1035.

"In Boise, etc., Co. v. Boise City, 213 U. S. 276, 29 S.Ct. 426, 53 L.Ed. 796, the object of the bill was to obtain an injunction against the enforcement of an ordinance of the city. The Supreme Court, in denying the relief sought, said:

" 'It is safe to say that no case can be found where this court has deliberately approved the issuance of an injunction against the enforcement of an ordinance resting on state authority, merely because it was illegal or unconstitutional, unless further circumstances were shown which brought the case within some clear ground of equity jurisdiction.'

"Authorities to this effect abound wherever the principles of equity are administered. Such courts will never do a useless thing, and the excuse for resorting to the principles of equity at all is to supply a remedy for the prevention of an injury or wrong for which the law affords no adequate remedy.

"To warrant a recovery in a case like this, it must appear that the complainant has suffered, or will suffer, some special damage. The fact that the ordinance is void, if it is void, is not sufficient ground for enjoining its enforcement. Other circumstances bringing the case under some recognized head of equity jurisdiction must be shown. 32 C.J., p. 265 § 415."

Under this statement of the law, the court in the above case held the proof of injury insufficient to warrant the issuance of an injunction.

In this case damages are neither sought nor alleged. Appellant did allege that:

(a) "To close and vacate sale streets will be to deprive these plaintiffs of valuable property rights and thereby constitute a taking of plaintiffs' property without due process of law."

(b) The revocation of the subdivision by appellee Staehely "has cast upon the title of the property owned by plaintiffs a cloud which in effect is a taking of plaintiffs' property without due process of law."

(c) "Any damages which plaintiffs might be entitled to receive against any one or more of the defendants named herein would be uncertain and indefinite in amount, incapable of definite ascertainment * * *."

We have already held the revocation of the subdivision by appellee Staehely to be void.

Without repeating the undisputed facts as shown by this record, we hold that no "taking" of appellants' property, under Art. 1, Sec. 17, of our Constitution, Vernon's Ann.St., is shown as there is no physical invasion or appropriation of appellants' property. Duvall v. City of Dallas, Tex.Civ.App., 27 S.W.2d 1105, writ refused; Johnson v. Lancaster, Tex.Civ.App., 266 S.W. 565; Kahn v. City of Houston, 121 Tex. 293, 48 S.W.2d 595.

Not only do appellants fail to allege any damage, general or special, they expressly decline to do so because the dam-

ages would be "incapable of definite ascertainment." It follows that the petition for injunction is not aided by the allegation that the ordinance is invalid.

■ We are further of the opinion that Art. 4646a, Vernon's Ann.Civ.St., precludes appellants from obtaining injunctive relief against enforcement of the ordinance or resubdivision of 1946. This Article provides: "No injunction shall be granted to stay or prevent the vacating, abandonment or closing, by the City Council or governing body of any incorporated city of this State, of any street or alley in any such incorporated city of this State, except at the suit of the owner or lessee of real property actually abutting on that part of such street or alley actually vacated, abandoned or closed, and then only in the event that the damages of said owner or lessee shall not have been released or shall not have been ascertained and paid in a condemnation suit by such city."

■ Standing alone, the ordinance passed by the City vacating the subdivision of Northfield Annex No. 2, would close Nelray Blvd., the street on which appellants' property abuts, since it closes all streets in the Annex. This ordinance, however, should be read and construed with the resubdivision of this Annex made by Staehely on March 6, 1946, for the reason that the ordinance of the City of February 28, 1946, refers to and recites the fact that it was adopted in order that such resubdivision be made, and the plat of this new or resubdivision shows to have been expressly approved by the City Engineer and the City Plan Commission of Austin.

Under this view, appellants' property does not abut upon any streets vacated, abandoned or closed by the City.

The constitutionality of Art. 4646a was sustained in Kahn v. City of Houston, 121 Tex. 293, 48 S.W.2d 595.

In the emergency clause, appended to the above statute, the legislature took note of the uncertainty created by court decisions in this class of suits. The court in the Kahn case referred to Bowers v. City of Taylor, Tex.Com.App., 24 S.W.2d 816, where injunctive relief was permitted under a state of facts somewhat similar to those presented in the Kahn case, which were there held insufficient to authorize injunctive relief.

It is thus apparent that Art. 4646a has brought about a change in the law as announced in decisions prior to the enactment of this statute.

We, therefore, deem it inappropriate to consume time and space in analyzing all of the decisions cited by the parties which were rendered before the passage of Art. 4646a.

Art. 4646a was first cited by our courts in Sigel v. Buccaneer Hotel Co., Tex.Civ. App., 40 S.W.2d 168, writ refused. Appellant in that case was an abutting owner. He sought a mandatory injunction against the Hotel and the City of Galveston, alleging the unlawful obstruction and closing of a street. In holding that the injunction was properly denied the court, after stating that appellant must show special damage not suffered by the general public, made the following reference to Art. 4646a [40 S.W.2d 178]:

"In addition to this, the Legislature of this state has limited the right of citizens to maintain a suit of this kind to 'the owner or lessee of real property actually abutting on that part of such street or alley actually vacated, abandoned or closed.' Acts 41st Legislature (Fifth Called Session), chapter 84, page 257 (Vernon's Ann. Civ.St. Art. 4646a).

"Whether or not this statute applies to this case in which the act complained of occurred prior to the enactment of the statute, it is an emphatic endorsement by the Legislature of the rule of decision above mentioned."

This Article was next held valid in the Kahn case, supra. In this case the injunction was sought not only against the City of Houston but also against two railroad companies to restrain them from closing and appropriating certain streets. Injunction was denied.

Art. 4646a was next cited in Hartwell Iron Works v. Missouri-Kansas-Texas Railway, Tex.Civ.App., 56 S.W.2d 922. Injunction against closing street was denied, the court relying, in part, upon the decision in the Kahn case and this Article.

It is noteworthy that only private concerns were parties to this suit.

The last case citing Art. 4646a is Roberts v. Shell Pipe Line Corporation, Tex.Civ. App., 175 S.W.2d 106. An ordinance passed by the City Council of Colorado City closed certain streets. A mandatory injunction was sought to compel the pipe line company to remove certain fences built across this street. The injunction was denied under the authority of Art. 4646a. The City of Colorado was not a party to this suit.

These cases demonstrate that the denial of injunctive relief under this statute is not limited to the City, as appellants contend, but extends as well to private persons who proceed under and by virtue of the ordinance closing or vacating streets. Very little would have been accomplished by the Legislature if the statute denied such relief against the City alone. The evil to be remedied would still exist. The street, closed by ordinance, would be open to all but the City. The language of this statute is not susceptible of this construction.

The following cases, decided after the enactment of Art. 4646a, are cited by appellants in support of their claim to injunctive relief: Griffith et al. v. Allison et al., Tex. Civ.App., 60 S.W.2d 899, which was reversed and rendered by the Supreme Court, Tex.Com.App., 96 S.W.2d 74; Miller et al. v. Dallas County et al., Tex.Civ.App., 71 S.W.2d 377, writ refused; Duggan v. Buckner et al., Tex.Civ.App., 155 S.W.2d 661, writ refused W.O.M.; Eidelbach et al. v. Davis et al., Tex.Civ.App., 99 S.W.2d 1067, writ dismissed.

These cases are distinguishable on many grounds but it is sufficient to say that in none of these cases was Art. 4646a relied upon or cited by the court and that in none of these cases was a city ordinance closing a street involved, except that in Miller v. Dallas County the City of Dallas executed an acquittance of its rights. The land and streets lay outside the City of Dallas and the court held that Dallas County alone was authorized to assert jurisdiction for highway purposes.

An injunction against Staehely enjoining acts under his revocation would be useless since the same acts could be lawfully performed under the City ordinance and the resubdivision. Courts of equity do not issue writs of injunction under such circumstances.

Appellants have shown no right to the relief sought and, appellants declining to amend, the trial court properly dismissed their suit.

The judgment of the trial court is affirmed.

Affirmed.