W. E. SULLINS, Appellant,

v.

CITY OF ROMA, Texas, et al., Appellees.

No. 5402.

Court of Civil Appeals of Texas.

El Paso.

July 29, 1959.

H. S. Harris, Jr., and William A. Russell, Midland, for appellant.

Sidney P. Chandler, Corpus Christi, H. P. Guerra, Jr., Rio Grande City, for appellees.

ABBOTT, Justice.

This was a suit in the·trial court under the Uniform Declaratory Judgments Act, Vernon's Ann.Civ.St. art. 2524–1, to determine the constitutionality of Article 1015g, Vernon's Revised Civil Statutes of Texas, and to ascertain the validity of a certain contract made and entered into by and between the City of Roma, Texas, and Gus A. Guerra, on the 24th day of April, 1959, executed by the City of Roma pursuant to the authority granted by the above-mentioned statute. In said cause of action appellees, the City of Roma, Texas; Gus A. Guerra; V. H. Guerra, individually and as mayor of the City of Roma; Fidencio E. Gonzalez, and Niceforo Saenz, individually and as commissioners of the City of Roma, were defendants. After the trial of the case before the court, judgment was entered in favor of appellees (defendants below), wherein the court held that Article 1015g was a valid enactment of the Texas Legislature, and that the aforementioned contract was a valid and enforceable contract. ·Appel-

lant (plaintiff below) has perfected his appeal to this court, bringing four points of error.

The facts in this case are: By an act of Congress, a permit to build an international bridge at or near Rio Grande City, Starr County, Texas, to connect the United States and Mexico, was granted to Gus A. Guerra, his heirs, legal representatives, and assigns. On the 16th day of April, 1959, Guerra transferred, assigned and conveyed to W. E. Sullins, appellant herein, a fifteen per cent interest in said permit, reserving, however, to Gus A. Guerra, his heirs and assigns, the sole, exclusive and general power to contract for the construction of and/or sale of said bridge, and also to mortgage, sell or convey the same.

By virtue of Article 1015g, Vernon's Revised Civil Statutes and a resolution of the Board of Commissioners of the City of Roma, the City of Roma, through its proper authorities, contracted with Gus A. Guerra whereby they agreed to purchase the international bridge to be constructed by Guerra.

Appellant contends by his four points of error that:

"One

"The Court erred in holding that Article 1015g, V.R.C.S. does not contravene or violate the Texas Constitution, and that it is a valid enactment of the Texas Legislature.

"Two

"The Court erred in holding that the contract made and entered into by and between the City of Roma, Texas, and Gus A. Guerra on the 24th day of April, 1959, whereby the City of Roma agreed to purchase from Gus A. Guerra the international bridge to be erected by him at or near Rio Grande City, Texas, is a valid and enforceable contract.

"Three

"The Court erred in holding that the existence of a toll bridge defined in the Statute being located within the corporate limits or within fifteen (15) miles of the corporate limits of a city or town classified therein is not a condition precedent to the exercise by such a city or town of its rights to contract for acquisition of such a bridge granted by the Statute.

"Four

"The Court erred in holding that the grant of power by Article 1015g, V.R. C.S., to cities and towns classified therein to acquire toll bridges over international boundary rivers within fifteen (15) miles of such cities' and towns' corporate limits is not an arbitrary or unreasonable grant of authority to such cities and towns."

Appellant, by his first point of error, argues that Article 1015g is a local or special law passed by the Legislature under the guise of a general statute, and that this violates Article 3, section 56, of the Texas Constitution, Vernon's Ann.St., which section in turn, prohibits the Legislature from passing any local or special laws regulating the affairs of cities or towns relating to bridges.

▮▮▮ It has long been settled that a statute is not local or special within the meaning of this constitutional provision, even though its enforcement is confined to a restricted area, if it operates upon a subject that the people at large are interested in. Lower Colorado River Authority v. McCraw, 125 Tex. 268, 83 S.W.2d 629, at page 638. It is a matter of general knowledge that there is an extensive border between Texas and Mexico, and that any bridge constructed across that border is for the interest of the people at large. This position is supported by Stephensen et al. v. Wood et al., 119 Tex. 564, 34 S.W.2d 246, and cases cited therein; and

also by Atwood v. Willacy County Nav. Dist., Tex.Civ.App., 284 S.W.2d 275. Finding that Article 1015g, Vernon's Revised Civil Statutes, is not in violation of Article 3, section 56, of the Texas Constitution, we overrule appellant's first point of error.

■ Having found that Article 1015g is valid, it follows that the contract to purchase by the City of Roma, the international bridge to be built by Gus A. Guerra, is a valid and enforceable contract. Point of error number Two is overruled.

Appellant's third point of error contends that Article 1015g requires the existence of a toll bridge within 15 miles of the corporate limits before a city or town can contract for the acquisition of same. It will be noted that, in this present case, the toll bridge had been authorized by Congress and, in that grant, Congress had authorized Gus A. Guerra to sell said bridge to a governmental agency. We believe that this is sufficient location under the requirements of Article 1015g. Those requirements are that the bridge be located, and that the city may do all things necessary to accomplish the purpose of the Act. Sands v. Manistee River Imp. Co., 123 U.S. 288, 8 S.Ct. 113, 31 L.Ed. 149; International Bridge Company v. People of the State of New York, 254 U.S. 126, 41 S.Ct. 56, 65 L.Ed. 176. Appellant's point of error number Three is overruled.

■ The purpose of Article 1015g in granting to towns or cities the power to acquire toll bridges is to confer upon those agencies the right to own, operate and collect revenue therefrom. Appellant complains that, because the bridge is located 14 miles from the corporate limits of the City of Roma, the grant of power by Article 1015g is an arbitrary and unreasonable grant of authority. The law is presumed to be reasonable and constitutional, not arbitrary, and the burden is upon appellant to establish otherwise. The trial court found in its conclusions of law, and we believe rightfully so, that such grant

was not unreasonable. In this modern day of rapid and crowded transportation, distance has become a small obstacle. A bridge 14 miles from the corporate limits may better serve a greater number of persons, and thus accomplish what was intended.

Having overruled appellant's points of error, we affirm the judgment of the trial court.