

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 12, 1965

Honorable Dean Martin
County Attorney
Grayson County Courthouse
Sherman, Texas

Opinion No. C-544

Re: Reconsideration of Attorney
General's Opinion No. C-473
(July 28, 1965) concerning
the constitutionality of
House Bill 119, Acts 1965,
59th Legislature, authorizing
the appointment of a juvenile
officer and assistant juvenile
officer for Grayson County.

Dear Mr. Martin:

At your request, we have reconsidered the opinion
written to you on July 28, 1965, and designated as Attorney
General's Opinion No. C-473. We have concluded that such
opinion should be withdrawn and the following substituted
therefor.

You have requested the opinion of this office con-
cerning the validity of House Bill No. 119, Chapter 198, Acts
1965, 59th Legislature, which authorizes the Commissioners
Court of Grayson County to appoint a juvenile officer and an
assistant juvenile officer.

Sections 1 and 2 of House Bill No. 119 provide as
follows:

"Section 1. The commissioners court of
Grayson County may appoint a juvenile officer
and an assistant juvenile officer.

"Sec. 2. The commissioners court may
pay the juvenile officer a salary of not more
than $500 per month and may allow him not more
than 10 cents per mile for transportation ex-
penses when he supplies his own automobile.
The commissioners court may pay the assistant
juvenile officer a salary of not more than
$400 per month and may allow him not more than
10 cents per mile for transportation expenses
when he supplies his own automobile."

-2615-

House Bill No. 119 is limited in its application to only one county. Therefore, we shall direct our attention to the question of whether it is constitutional under the provisions of Section 56 of Article III of the Constitution of Texas which provides in part as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

". . .

"Regulating the affairs of counties, cities, towns, wards or shcool districts;

". . .

"Creating offices, or prescribing the powers and duties of officers, in counties, . . ."

Matters relating to the welfare of minors are of statewide concern rather than of a local or county nature. Jones v. Alexander, 122 Tex. 328, 59 S.W.2d 1080 (1933); Lamon v. Ferguson, 213 S.W.2d 86 (Tex.Civ.App. 1948, no history).

In Lamon v. Ferguson, a statute creating the Juvenile Board of Burnet County and making the District Judge of the 33rd Judicial District a member thereof was upheld against the contention that it was a local or special law regulating the affairs of counties. The comments of the Court at page 88 of 213 S.W.2d are particularly relevant to the question before us.

"The only remaining question, presented by appellant, is whether or not H.B. 257 is a local or special law 'regulating the affairs of counties' within the meaning of art. III, Sec. 56 of our Constitution.

"If the duties devolving upon the District and County Judges by the terms of H.B. 257 are to be performed upon behalf of the State and not on behalf of the counties as entities distinct from the State, then H.B. 257 is not a local or special law regulating the affairs of counties even though its application is not state-wide but is restricted to certain localities.

Stephensen v. Wood, 119 Tex. 564, 34 S.W.2d 246; Harris County v. Crooker, Tex.Civ.App. 224 S.W. 792, affirmed 112 Tex. 450, 248 S.W. 652; Lytle v. Halff, 75 Tex. 128, 12 S.W. 610.

"'The welfare of minors has always been a matter of deep concern to the state.' Jones v. Alexander, 122 Tex. 328, 59 S.W.2d 1080, 1081.

"In that case the court held constitutional art. 5139, R.C.S. 1925, Acts 1917, p. 27, Acts 1921, p. 273 which provided that in any county having a population of one hundred thousand or over the Judges of the several District and Criminal District Courts of such county together with the County Judge, should constitute a juvenile board, and fixed the annual salary of each of the District and Criminal District Judges, as members of such board, at $1,500. H.B. 257 is an amendment of art. 5139.

"The purpose of H.B. 257 is the same as the purpose of art. 5139. Both laws provide means for promoting the welfare of minors, a matter in which the State at large is interested.

"The State has the right to designate and make use of District and County Judges as agents of the State in discharge of a state duty and to compensate them for the performance of this work. Jones v. Alexander, supra.

"There is probably no more pressing domestic problem confronting the American people today than that of coping with juvenile delinquency. Our Legislature, has as indicated by H.B. 257 and other laws, properly interested itself in the solution of this problem, and the courts should not, in the absence of some compelling specific constitutional provision, undo its efforts."

The qualifications and duties of juvenile officers are prescribed by Article 5142 of Vernon's Civil Statutes.

"Such officers shall have authority and it shall be their duty to make investigations of all cases referred to them as such by such Board; to be present in court and to represent the interest of the juvenile when the case is heard, and to furnish to the court and such Board any information and assistance as such Board may require, and to take charge of any child before and after the trial and to perform such other services for the child as may be required by the court or said Board, and such juvenile officers shall be vested with all the power and authority of police officers or sheriffs incident to their offices.

"The clerk of the court shall when practicable, notify such juvenile officer when any juvenile is to be brought before the court. It shall be the duty of such juvenile officer to make investigation of any such case, to be present in court to represent the interest of the juvenile when the case is tried, to furnish to such court such information and assistance as the court may require and to take charge of any juvenile before and after the trial as the court may direct. . . ."

Those persons appointed pursuant to House Bill No. 119 would be charged with these duties. Here, as in Lamon v. Ferguson, the Legislature has addressed itself to a matter of statewide concern in authorizing the appointment of persons to act in the interest of juvenile welfare within Grayson County. Their duties are performed in furtherance of the vital interests of the state as a whole and the mere fact that the operation of House Bill No. 119 or the duties of the persons authorized to be appointed therein is restricted to a particular county does not make the Bill a local or special law within the meaning of Section 56 of Article III of the Constitution of Texas. Sullins v. City of Roma, 336 S.W.2d 814 (Tex.Civ.App. 1959, no history); see Travis County v. Matthews, 235 S.W.2d 691 (Tex.Civ.App. 1951, error ref. n.r.e.).

You are hereby advised that in our opinion, House Bill No. 119, Acts 1965, 59th Legislature, page 409 is constitutional.

## S U M M A R Y

Attorney General's Opinion No. C-473 is hereby withdrawn and this opinion substituted in lieu thereof.

House Bill No. 119, Acts 1965, 59th Legislature, Chapter 198, page 409, is constitutional, as it is not a local or special law regulating the affairs of counties within the meaning of Section 56 of Article III of the Constitution of Texas.

Very truly yours,

WAGGONER CARR
Attorney General

By W. O. Shultz
W. O. Shultz
Assistant

WOS:mkh:ml

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Scott Garrison
J. C. Davis
Kerns Taylor
Gordon Cass

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright