

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 1, 1977

The Honorable Raul L. Longoria
Chairman
Special Committee on Border Trade
    & Tourism
Senate Chamber
State Capitol
Austin, Texas   78701

Opinion No. H- 936

Re:  Authority of City
of Brownsville to construct
and maintain an inter-
national bridge.

Dear Senator Longoria:

At the request of the majority of the members of the
Senate Special Committee on Border Trade and Tourism, you
have asked the following question:

> Does the City of Brownsville have legal
> authority to apply for and construct and
> maintain an international bridge across the
> Rio Grande River which connects the City of
> Brownsville with the Republic of Mexico?

The city wishes to apply to the federal government for a
permit to build the bridge. You have informed us that the
question does not involve possible methods of financing the
bridge, the requirements of any federal laws or any
questions arising under state, federal or Mexican law con-
cerning the proper means of negotiation between representatives
of the Republic of Mexico and the State of Texas or its
political subdivisions. Accordingly, our opinion does not
address these issues.

Brownsville is a home rule city, deriving its powers
not from the Legislature, but from article 11, section 5 of
the Texas Constitution. Lower Colorado River Authority v.
City of San Marcos, 523 S.W.2d 641, 643 (Tex. Sup. 1975). It
has full authority to do anything the Legislature could have
authorized it to do, limited only by its charter, the
Constitution, and general law. Id. at 643-44; Forwood v.
City of Taylor, 214 S.W.2d 282, 286 (Tex. Sup. 1948).

The Brownsville city charter does not include a provision expressly authorizing the city to build bridges.  Nor has any ordinance on this subject been submitted to us.  We believe, however, that the express powers found in the following provisions empower the city to pass an ordinance authorizing the construction and maintenance of an international bridge connecting Brownsville with Mexico:

> The City of Brownsville . . . may contract and be contracted with; may take, hold, purchase and acquire real estate or personal  property within or without its boundaries, for any municipal purpose, governmental, proprietary or otherwise, in fee simple or lesser interest, title or estate, by purchase, gift, devise, lease or condemnation; and may sell, lease, hold, manage and control such property as its interests may require; and except as prohibited by the Constitution of Texas, or restricted by this Charter, shall exercise and enjoy all municipal powers, functions, rights, privileges, immunities and franchises of every name and nature, and be subject to all the duties and obligations now pertaining to or incumbent upon said City as a corporation.  The enumeration of particular powers by this Charter shall not be held or deemed to be exclusive, but in addition to the powers enumerated therein or implied thereby, or appropriate to the exercise of such powers, it is intended that the City of Brownsville have, and may exercise, all powers which, under the Constitution of Texas,  it would be competent for this Charter specifically to enumerate. . . . Amended Charter of the City of Brownsville, art. 2, § 1.

> The City of Brownsville shall have the power . . . to enact and enforce ordinances on any and all subjects, provided that no ordinance shall be enacted inconsistent with the provisions of this Charter or the General Laws or Constitution of the State of Texas.  Id. § 2.

. . . .

> The governing body of the City shall have the power and authority to appropriate so much of the general revenue of the City as may be necessary . . . for the purpose of making permanent public improvements, purchasing, erecting and constructing and maintaining public works and public utilities of every kind and such other public improvements as the governing body may, from time to time, deem expedient. . . . Id. art. 4, § 1.

. . . .

> The enumeration of powers made in this Charter shall never be construed to preclude, by implication or otherwise, the City from exercising the powers incident to the enjoyment of local self-government, nor to do any and all things not inhibited by the constitution and Laws of the State of Texas. Id. General Provisions, § 1.

See Zachry v. City of San Antonio, 296 S.W.2d 299 (Tex. Civ. App. -- San Antonio 1956), aff'd 305 S.W.2d 558 (Tex. Sup. 1957); Attorney General Opinion M-1023 (1971). Cf. Malott v. City of Brownsville, 292 S.W. 606 (Tex. Civ. App. -- San Antonio 1927), aff'd 298 S.W. 540 (Tex. Comm'n App. 1927, jdgmt adopted), aff'd as modified 300 S.W. 29 (Tex. Comm'n App. 1927, jdgmt adopted).

Brownsville has authority, under its charter, to build an international bridge. We note that authorization of the construction and operation of international bridges by political subdivisions in Texas is not unprecedented. For example, the Legislature has authorized any county bordering a river between Texas and Mexico to construct a toll bridge over the river. V.T.C.S. art. 6795c, § 1. Cf. Attorney General Opinion H-825 (1976). It has also authorized any city, including a home rule city, to purchase an international toll bridge within fifteen miles of its corporate limits. V.T.C.S. art. 1015g, § 1. A Texas court has found this provision not in violation of the constitutional

prohibition against local or special laws and not an arbitrary
and unreasonable grant of authority.  Tex. Const. art. 3, §
56; Sullins v. City of Roma, 336 S.W.2d 814, 816 (Tex. Civ.
App. -- El Paso 1959, no writ).  The court found valid a
contract to purchase a bridge, even though it was entered
into before the bridge was built.  Article 1015g also
authorizes cities to maintain, improve, and operate any
bridge acquired under the Act.  Section 2.  A city may issue
bonds to reconstruct or replace the bridge, or to build an
additional bridge.  V.T.C.S. art. 1015g, § 13(b); arts.
1187a-1, 1187a-2.  We believe that the Legislature which
authorized counties to build international bridges and
certain cities to buy, maintain, and replace them could also
have authorized Brownsville to build and maintain an inter-
national bridge without violating the Constitution.

The provision contained in the Brownsville charter is
not inconsistent with any general law.  The city's power to
purchase a bridge under article 1015g does not imply that it
lacks power to acquire a bridge by construction.  Section 17
of article 1015g provides that the powers conferred by the
Act do not prevent the city from exercising other powers
conferred by any other law.  See also V.T.C.S. art. 1176;
Cameron v. City of Waco, 8 S.W.2d 249, 254 (Tex. Civ.
App. --Waco 1928, no writ).  The intent of the Legislature
to limit the power of a home rule city must appear with
unmistakable clarity.  City of Sweetwater v. Geron, 380
S.W.2d 550 (Tex. Sup. 1964).  We find no expression of
legislative intent to limit the powers relevant to this
project which appear in the Brownsville charter.  We conclude
that insofar as State law is concerned the City of Brownville
may build and maintain an international bridge connecting
the city with the Republic of Mexico.

### S U M M A R Y

> The City of Brownsville has authority
> under State law to construct and
> maintain an international bridge
> connecting the city with Mexico.
> We offer no opinion as to federal law,
> nor do we pass on any method of
> financing.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 3858

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb