CITY OF HOUSTON, Appellant,

v.

D.G. TABOR, Appellee.

No. 01–82–0020–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 29, 1982.

Edward A. Cazares, Fred Spence, of Houston, for appellant.

Delange, Hudspeth, Pitman & Katz, Eugene Pitman, Houston, for appellee.

Before SMITH, STILLEY and PRICE, JJ.

## OPINION

SMITH, Justice.

This is an appeal from the granting of a summary judgment which held that there was no dedication of a tract of land for public park purposes. The only issue on appeal is whether this tract of land should be declared a public park.

In 1909 J.A. Fite filed a subdivision plan in Harris County, Texas consisting of 118 blocks divided into lots. Four of these blocks bear the designation "Church" and one block bears the designation "Public School". Still another block, divided into four quadrants, contains the designation "Public" and "Park" in two of the quadrants. The land involved in this suit is located in the southwest quadrant, the shaded area, of the diagram below.

The dedicatory language contained on the face of the plat contains the following language:

Houston, Texas, October 12, 1909. I, J.A. Fite, the sole owner of the property shown on this map in lots, do hereby subdivide the same in lots and blocks as hereon shown, and do dedicate the streets to the public.

The affidavit attached to the appellees' motion for summary judgment states that some of the streets shown on the plat which divide the park area have never been established, and that there has never been a park in the designated area. The affidavit names several people who built houses on the property, and stated names of persons who had fenced off and used the area for livestock and agricultural purposes. It stated that other property had been rented and that one portion of the property was used as an automobile wrecking and junk yard.

The appellant's opposition to the summary judgment states that the plat contains the words "Public Park" and for this reason summary judgment should be denied. The appellant filed no controverting affidavits and offered no proof that property was purchased in the subdivision in reliance upon the plat. The appellant cites two cases to support its position that the recording of the plat constitutes a valid dedication: *Gambrell v. Chalkhill Theatre Co.,* 205 S.W.2d 126 (Tex.Civ.App.—Austin 1947, writ ref'd n.r.e.), and *Eidelbach v. Davis,* 99 S.W.2d 1067 (Tex.Civ.App.—Beaumont 1936, writ dism'd). In *Gambrell,* a subdivision plat was filed and on the face of the plat in writing the streets were dedicated as public streets. The question in that case was whether the city of Austin could abandon the dedication of certain streets, not the validity of the dedication. In the case before us the streets were dedicated in writing on the face of the plat and the appellees did not contest the fact that a valid dedication of the streets was made.

In *Eidelbach,* on the face of the plat, the streets were dedicated in writing; also, lots had been sold to purchasers who relied upon the plat and the dedication of the streets. In that case, as in *Gambrell,* the court held that where a plat of a subdivision was filed and the streets were dedicated in writing on the face of the plat for public use, a valid dedication had been made.

The appellees have no quarrel with the two cases cited by the appellant; however, they point out that those cases are distinguishable from the case at hand in that the property involved in this case was not dedicated in writing as a public park. They state further that in the diagram on the face of the plat, the word "Public" and the word "Park" are not located on the property involved in this case.

The appellees' position in this matter is that the uncontradicted summary judgment proof is that there was no dedication of the property for public park purposes on the plat. They point out that the plat contains no reference points to locate the area depicted thereon in the survey in which it purports to lie; that there are no dimensions of the circles appearing on the area in controversy; that the words "Public" and

"Park" are not located on the property in question; that for in excess of 70 years the property has not been used as a park; that there is no express dedication of this property on the face of the plat; that there is nothing printed on the face of the plat, other than a circle drawn thereon, to designate what the intended use of the property was; and that, contrary to the assertion in the appellant's brief, there is no summary judgment proof of conveyances of lots in the subdivisions wherein the purchasers were shown to have relied upon the plat or the representation that a public park would be placed upon the property in question.

■ As there is no question of ambiguity, the effect of the recorded plat must be determined from its face. *Gonzales v. Norris of Houston, Inc.,* 575 S.W.2d 110 (Tex. Civ.App.—Houston [14th Dist] 1976, writ ref'd n.r.e.).

■ A dedication is not presumed but must be manifested either by declaration or act which evinces the clearest intention on the part of the dedicator to presently set aside and appropriate a certain part of his land for the public use. *City of Brownsville v. West,* 149 S.W.2d 1034 (Tex.Civ.App.— San Antonio, 1941, writ dism'd, judgmt cor).

■ An examination of the plat in this case does not clearly manifest a present intention to dedicate the subject property for any purpose. Although the land is adjacent to the two quadrants which are designated as "Public Park", there is no such designation upon the plat which would indicate that the tract in question was intended to be a like area. We conclude that in the absence of such a designation and dedicatory language, and in the absence of evidence of reliance by purchasers of a dedication, there was no dedication of the property for public park purposes. See also, *Anderson v. Tall Timbers Corp.,* 378 S.W.2d 16 (Tex. 1964); *City of Brownsville v. West, supra; Fudge v. Hogge,* 323 S.W.2d 663 (Tex.Civ. App.—Dallas 1959, no writ); *Calhoun v. Wilson,* 425 S.W.2d 846 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.).

The judgment of the trial court is affirmed.